UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SEPHORA USA, INC., a Delaware corporation, | ) | Case No.: 5:12-cv-3252-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING LEAVE TO FILE** |
| | ) | **MOTION FOR RECONSIDERATION** |
| v. | ) | |
| | ) | **(Re: Docket No. 82)** |
| J.B. HUNT TRANSPORTATION, an Arkansas | ) | |
| corporation; BDS Transport LLC, a Utah | ) | |
| corporation; and DOES 1-10, inclusive | ) | |
| | ) | |
| Defendants. | ) | |

Defendants J.B. Hunt Transportation et al ("Defendants") request leave from the court to file a motion to reconsider the court's order of October 10, 2013 – Order Denying Defendants' Motion for Summary Judgment ("the Order").[1]   Having considered the papers, the court DENIES Defendants' request.

### I.   BACKGROUND

The Order denied Defendants' motion for partial summary judgment.  The motion was predicated on two questions.  First, the court found that there remains a genuine issue of material fact as to whether or not Defendants limited their liability for loss to $100,000 for the February 17 shipment.[2]   Second, it declined to hold that investigation costs are unrecoverable per se as

---

[1] *See* Docket No. 80

[2] *See id.* at 9.

Case No.: 5:12-cv-3252 PSG
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

mitigation costs or that the investigation costs sought by Plaintiff Sephora USA, Inc. ("Sephora") in this matter are unreasonable per se.  On October 11, 2013, Defendants filed the current motion, arguing that the court "did not consider the 'recoverability' of [investigation] costs under the Carmack Amendment."[3]

## II.   LEGAL STANDARDS

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[4]  Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[5]  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[6]  Here, Defendants appear to seek leave to move for

---

[3] Docket No. 82 at 2.

[4] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[5] *Id.*

[6] *Id.*

Case No.: 5:12-cv-3252 PSG
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

United States District Court
For the Northern District of California

reconsideration based on their belief that the court committed clear error through a manifest failure to consider material facts or dispositive legal arguments.

### III.   DISCUSSION

The court does not begrudge any party for exercising its right to seek reconsideration on an order it believes to be erroneous, but as discussed above, Civ. L.R. 7-9 sets a high standard for parties seeking leave to file a motion for reconsideration.  In this motion, as in the underlying motion, Defendants fail to identify a single case holding that there is a total bar to recovering costs of investigation as mitigation.[7]  Instead, they ask the court for leave to reargue an uncharted area of Carmack Amendment jurisprudence on a motion for reconsideration.  The plain language of the Carmack Amendment does not, however, ban the recovery of investigation costs as reasonable mitigation, and Defendants have not presented any precedent that erects such a barrier.   The question is one of degree, not kind, and such questions are most appropriately left to the jury.

If the court was not clear before, it regrets any misunderstanding created as a result. In any event, the court will articulate more clearly now that it was not persuaded by Defendants' argument that there is a total bar to recovering investigation costs as mitigation expenses.  Because Defendants have not identified a case or statutory provision indicating that this was a clearly erroneous legal ruling, Defendants' motion is DENIED.

The court looks forward to speaking with counsel at the status conference on Tuesday about the further schedule of the case and how best to proceed.

**IT IS SO ORDERED.**

Dated: October 17, 2013

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

_United States District Court_
_For the Northern District of California_

---

[7] _See_ Docket Nos. 36, 82.

3

Case No.: 5:12-cv-3252 PSG
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION